IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.  5:24-CR-310-FL-BM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| LINC OSHEA BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

This matter coming before the court yesterday, which date earlier was set for sentencing of this defendant, at which time the court heard his motion filed March 23, 2026, seeking appointment of new counsel (DE 61).  Good cause having been shown, and where defendant has demonstrated eligibility for appointment of counsel at government expense, in this part the motion was ALLOWED, and the Federal Public Defender directed to provide representation in this action. The court further determines that the defendant is unable to pay the fees of any witness, and pursuant to Federal Rule of Criminal Procedure 17(b), the Clerk shall issue a subpoena for any witness necessary to present an adequate defense to the pending charge or charges.  In accordance therewith, the United States Marshal shall serve any subpoena presented to him in this case by the office of the Federal Public Defender, and shall pay the appropriate fees and expenses to witnesses so subpoenaed, in accordance with Federal Rule of Criminal Procedure 17(b).

Defendant, in his pro se motion, also seeks to withdraw his guilty plea.  Where defendant is now represented, the court, in its discretion, DENIES remaining part of the motion (DE 61), without prejudice to its renewal, should counsel acting on behalf of this defendant decide on such a course.  In that event, any motion to withdraw his guilty plea must be filed on or before May 8,

2026.  And if any motion to withdraw his plea is filed, the clerk is directed to set such motion for hearing at the court's June criminal term.  In the event no motion is filed, the clerk is directed, instead, to return the case to the June calendar for sentencing.

In the meantime, where defendant raised some issue(s) regarding his attempts to travel to the Middle District of North Carolina to receive medical care through Duke University, where approval for out-of-district travel routinely has been denied by his supervising probation office, the court made contact with Brittany Simmons after hearing.  Officer Simmons informed that, to date, defendant has not made mention to her of need to travel to Durham for any medical visit.

She reported that on March 25, 2026, he did request to travel to Durham but stated it was for a meeting with his attorney, which request was denied where the officer reported she encouraged defendant to meet with his then attorney at an alternate location within this district.  She also encouraged defendant to speak with his attorney regarding a motion to request his travel restrictions be modified to allow for prescribed travel outside of the Eastern District of North Carolina, if he so wishes.  To the extent defendant wishes to pursue such modification, his new counsel can make that motion at any time.  But at this time, given seeming inconsistency in representation of the need for travel to Durham, as between what was told to the court yesterday by defendant and information subsequently provided by Officer Simmons, the court takes no action now to modify the travel restriction.

SO ORDERED, this the 9th day of April, 2026.

_____
LOUISE W. FLANAGAN
United States District Judge